■ OWEN KILLMER et al., Appellants, v VILLAGE OF WHITEHALL, Respondent. — Appeal from an order and judgment of the Supreme Court at Special Term, entered September 3, 1980 in Washington County, which (1) denied plaintiffs' motion for a preliminary injunction and (2) granted defendant's cross motion to dismiss the complaint. Plaintiffs are the owners of a mobile home located upon a lot they own in the Village of Whitehall. They were charged with violation of a village ordinance which states "No mobilehome shall be located in the Village of Whitehall except in a mobilehome park or trailer park", and convicted in the Village Justice Court after a nonjury trial. The conviction was affirmed upon appeal to the Washington County Court. Thereafter, plaintiffs commenced this action in Supreme Court, Washington County, seeking judgment declaring the said ordinance to be unconstitutional. Concomitantly, they moved at Special Term for a preliminary injunction barring enforcement of the ordinance, and the village cross-moved to dismiss the complaint. Special Term denied plaintiffs' motion and granted defendant's cross motion to dismiss. This appeal ensued. In its decision, Special Term found that plaintiffs had raised the issue of the constitutionality of the ordinance in the criminal proceedings before the Washington County Court and concluded that said issue was finally determined in those proceedings. Special Term, therefore, determined that plaintiffs were collaterally estopped from relitigating the constitutionality of the ordinance in the instant action. The doctrine of collateral estoppel, although originating in civil matters, has been extended to criminal cases *(S. T. Grand, Inc. v City of New York,* 32 NY2d 300). Any fact, question or right, distinctly adjudged in an original action between the same parties, may not be raised again in a subsequent action between them, even though the determination was reached upon an erroneous view or by an erroneous application of the law *(United States v Moser,* 266 US 236, 242). Neither the transcript of the criminal proceedings in the Village Justice Court nor the pleadings there are before us. In the record on appeal from the judgment of conviction, it appears plaintiffs' contentions included the claim that "The Mobile Home Ordinance of the Village of Whitehall is vague and discriminatory and discriminates against people who own mobile homes and is therefore unconstitutional." The Washington County Court, in affirming the conviction, specifically rejected the attack upon the constitutionality of the ordinance. Special Term found that plaintiffs had raised the issue of the constitutionality of the ordinance in the prior proceedings and granted defendant's motion to dismiss the complaint upon the doctrine of collateral

estoppel. We agree and affirm. The identity of parties, facts and issues in both cases remains unchanged. The defense of unconstitutionality, having been raised and rejected in the prior case, may not be relitigated in this action (see *Gramatan Home Investors Corp. v Lopez,* 46 NY2d 481, 485; *Schwartz v Public Administrator of County of Bronx,* 24 NY2d 65, 71). Having thus affirmed the dismissal of the complaint by Special Term, it is unnecessary to consider the other issues raised on this appeal. Order and judgment affirmed, with costs. Mahoney, P.J., Main, Casey, Yesawich, Jr., and Weiss, JJ., concur.