■ ALBERT HARRIS, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [600 NYS2d 102] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ramirez, J.), dated April 19, 1991, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff was alone in a seventh floor apartment when he heard gunfire outside the apartment building and then in the hallway beyond the locked apartment door. The plaintiff exited the apartment through a rear window, climbing down the drainpipe until it ended at approximately the third floor. He then jumped to the ground. In the ensuing action, the plaintiff sought to impose liability based upon the defendant's alleged negligence in failing to maintain locks on the front doors of the apartment building.

The Supreme Court granted the defendant's motion for summary judgment. We affirm. The plaintiff failed to submit evidence that the defendant had notice of prior criminal incidents or similar occurrences in the building, so as to give rise to a corresponding duty on the defendant's part to adopt security measures *(see, Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507; *cf., Jacqueline S. v City of New York,* 81 NY2d 288). In any event, even if the plaintiff could establish a duty on the part of the defendant, the failure to provide a lock on the front door was not the proximate cause of the plaintiff's injuries, since the plaintiff's leap from the drainpipe was an intervening act which could not have been foreseen *(see, Rivera v City of New York,* 11 NY2d 856). Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.