101 F.3d 686
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Daniel MONTALVO, Plaintiff-Appellant,
v.
FEDERAL EXPRESS CORP., Defendant-Appellant.
 No. 96-7027.
 United States Court of Appeals, Second Circuit.
 June 7, 1996.
 
 1
 APPEARING FOR APPELLANT: Leonard Zack, New York, NY
 
 
 2
 APPEARING FOR APPELLEE: Eugene Massamillo, Patricia A. Moores, Biedermann, Hoenig, Massamillo & Ruff, New York, NY
 
 
 3
 S.D.N.Y.
 
 
 4
 AFFIRMED.
 
 
 5
 Present Honorable GRAAFEILAND, Honorable LEVAL, Circuit Judges, and Honorable Eugene H. NICKERSON, District Judge[1]
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the Southern District of New York and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the order of the District Court be and it hereby is AFFIRMED.
 
 
 8
 Daniel Montalvo appeals from an order of the district court, United States District Court for the Southern District of New York (Stanton, J.), granting Federal Express Corp. ("FedEx") summary judgment and dismissing Montalvo's complaint alleging, inter alia, malicious prosecution and false arrest. We affirm.
 
 
 9
 In 1993, FedEx became aware that many packages had been stolen from its New York City station, probably by an employee. Most of the stolen packages were rectangular courier boxes containing jewelry. In order to catch the thief, FedEx put two decoy packages out addressed to a jewelry company. Security chief Jack Prunty personally labelled the decoys with fake airbills, computer barcode labels, and handwritten numbers in black marker. He told the New York City station operations manager, David Penfold, to watch the packages to see which employee picked them up from the conveyor.
 
 
 10
 Penfold told Prunty that he observed Daniel Montalvo, a FedEx driver/courier based at the New York City station, load the decoy packages face down into his truck. Their airbills specified an address, 125 West 45th Street, that was not on Montalvo's route. Prunty immediately placed Montalvo under surveillance, followed him, and eventually stopped him. The two packages were found on his truck, but their addresses had been changed to 460 West 42nd Street. The new address was on Montalvo's route, but he had already passed that location at the time he was stopped.
 
 
 11
 Montalvo was subsequently suspended and discharged by FedEx. While he appealed his discharge, Montalvo was arrested and charged with petit larceny due to a criminal complaint filed against him by FedEx. At trial, he was acquitted of all charges. Subsequently, he brought this suit alleging malicious prosecution and false arrest by FedEx.[2] Judge Stanton dismissed the suit on FedEx's motion for summary judgment, holding that FedEx had probable cause to believe Montalvo had stolen the packages, thus providing it with a successful defense as a matter of law to Montalvo's claims.
 
 
 12
 We review the district court's grant of summary judgment de novo. Madonna v. American Airlines, Inc., 82 F.3d 59, 61 (2d Cir.1996). To defeat summary judgment, Montalvo needed to come forward with specific evidence raising a material issue of fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). He failed to do so.
 
 
 13
 To prove malicious prosecution in New York, a plaintiff must show (1) initiation of a proceeding by the defendant against the plaintiff, (2) its termination in plaintiff's favor, (3) lack of probable cause, and (4) malice. See Colon v. City of New York, 60 N.Y.2d 78, 82, 468 N.Y.S.2d 453, 455 (1983); Janendo v. Town of New Paltz Police Dept., 211 A.D.2d 894, 897, 621 N.Y.S.2d 175, 178 (3d Dep't 1995). In addition to being a bar to a malicious prosecution action, id. at 897-98, a finding of probable cause is a complete defense to a claim of false arrest, see Stratton v. City of Albany, 204 A.D.2d 924, 612 N.Y.S.2d 286, 287-88 (3d Dep't 1994); Veras v. Truth Verification Corp., 87 A.D.2d 381, 384, 451 N.Y.S.2d 761, 764 (1st Dep't), aff'd, 57 N.Y.2d 947, 457 N.Y.S.2d 241 (1982). As we have noted, "[p]robable cause under New York law is the knowledge of facts, actual or apparent, strong enough to justify a reasonable man on the belief that he has lawful grounds for prosecuting the defendant in the manner complained of." Rouseville v. Zahl, 13 F.3d 625, 628-29 (2d Cir.1994) (emphasis added) (citation omitted).
 
 
 14
 The record clearly shows that there were undisputed facts justifying FedEx's decision to file a criminal complaint against Montalvo. Montalvo's only real contention in his defense was that he never switched the addresses on the packages. Whether or not this is so, we find that he produced no competent evidence to contradict or challenge FedEx's claims that (1) the decoy packages were initially addressed to locations not on Montalvo's assigned route, (2) Penfold saw Montalvo put the decoys in his truck, face down, (3) Prunty followed him thereafter, never losing sight of him, and (4) the packages were found in Montalvo's truck with their address labels altered to reflect a destination on his route (which destination he had passed without delivering the packages).[3] That Montalvo's affidavit claimed no knowledge of many of these facts did not create an ambiguity requiring trial; FedEx's assertions remained uncontroverted. These facts gave FedEx probable cause to believe that Montalvo had stolen the decoy packages.
 
 
 15
 Montalvo attempts to confuse the case with references to his good work record, to an altercation that occurred shortly before his termination, and to inapposite cases. But he has not contradicted FedEx's showing of probable cause to believe he was stole the decoy packages. This provided the company with a complete defense to Montalvo's claims of malicious prosecution and false arrest. Accordingly, the district court was correct in finding that no material issues were in dispute and that FedEx was entitled to summary judgment.
 
 
 
 [1]
 The Honorable Eugene H. Nickerson, District Judge, Eastern District of New York, sitting by designation
 
 
 [2]
 Montalvo alleged other wrongdoing, but appeals only the dismissal of the claims noted above
 
 
 [3]
 Further, Montalvo does not contradict Prunty's claim that the decoy packages had not been "van scanned" (i.e., entered into a computer tracking system when they were put in the truck), which was consistent with the pattern observed with regard to other packages that had been stolen