■ VICI VELAIRE, Appellant-Respondent, v CITY OF SCHENECTADY et al., Respondents-Appellants, and ELLIS HOSPITAL et al., Respondents. [651 NYS2d 735] —Mikoll, J. Cross appeals from an order of the Supreme Court (Caruso, J.), entered August 2, 1995 in Schenectady County, which, *inter alia*, granted defendants' motions for summary judgment dismissing the complaint.

On March 17, 1995 plaintiff initiated the instant action against defendants City of Schenectady and Police Officers Michael Goldman and Michael Hamilton (hereinafter collectively referred to as the municipal defendants) for malicious prosecution and against defendant Ellis Hospital, nurses Sonya Infield, Terry Logan and Ann Mustone, and security personnel George Carlowitz and Fred Urban (hereinafter collectively referred to as the hospital defendants) for intentional infliction of emotional distress, illegal arrest and false imprisonment. The municipal defendants answered and counterclaimed for costs and sanctions. They subsequently moved for summary judgment on the grounds of the Statute of Limitations and collateral estoppel. The hospital defendants, in lieu of an answer, sought summary judgment dismissing the complaint, asserting the Statute of Limitations as a defense.

Supreme Court granted the hospital defendants' motion on the basis of a concession of the merits made by plaintiff's counsel. The municipal defendants' motion was also granted; Supreme Court held that plaintiff was collaterally estopped from relitigating the case in that the US District Court for the Northern District of New York, in a prior action commenced by plaintiff, had ruled that the police officers who had arrested plaintiff acted with probable cause and without malice.

This lawsuit stems from plaintiff's arrest on October 16, 1991 for assault on her mother, a 91-year-old woman, who at the time was a patient in Ellis Hospital. The arrest followed a complaint made by the hospital's nursing staff and its security personnel to the police that plaintiff had attempted to choke her mother. Plaintiff was detained by the hospital's security personnel until arrival by the Schenectady Police who, acting on the complaint made by the hospital staff and after viewing red marks on the victim's throat, arrested defendant for assault. The assault charge was dismissed by Schenectady City Police Court on technical grounds, the information having been found to be legally insufficient.

A notice of claim was filed by plaintiff on April 1, 1992 for malicious prosecution against the City. Plaintiff sought to file a second notice of claim against the City on October 22, 1992 for false arrest, false imprisonment, wrongful detention, illegal search and seizure, assault, negligence, gross negligence, reckless disregard and intentional infliction of emotional distress. Supreme Court denied permission to file the second notice.

On January 8, 1993, plaintiff commenced an action in the US District Court for the Northern District of New York based on the same underlying incident and against these same defendants, alleging a cause of action under 42 USC § 1983, infringement of her constitutional rights under the US and NY Constitutions, as well as claims of illegal arrest, false imprisonment, negligence, malicious prosecution and intentional infliction of emotional distress. Summary judgment was granted to defendants on September 23, 1994. District Court found that the police had probable cause to arrest defendant and the municipal defendants were thus qualifiedly immune from plaintiff's 42 USC § 1983 claims. The 42 USC § 1983 cause of action against the hospital defendants was dismissed on the ground that they were not State actors or acting under color of State law. The remaining causes of action were dismissed for lack of subject matter jurisdiction. This action in State court and appeal ensued.

First, we agree with Supreme Court that the issue of prob-

able cause is a common element of the Federal 42 USC § 1983 cause of action as well as plaintiff's instant malicious prosecution cause of action against the municipal defendants. The finding of probable cause in the Federal action, in which plaintiff fully litigated the issue, collaterally estops plaintiff from pursuing the instant claim for malicious prosecution since the absence of probable cause having been adversely and finally decided against her forecloses such action (*see, Ryan v New York Tel. Co.*, 62 NY2d 494, 500).

Second, we reject plaintiff's attempt to utilize CPLR 205 (a) to lengthen the statutory time to commence the underlying causes of action in the action before us. We note that the statutory limit for plaintiff to commence the underlying causes of action was one year (*see,* CPLR 205 [a]). At the time of the commencement of the Federal action, plaintiff's State law claims based on intentional torts were already time barred. The incident on which plaintiff's causes of action were based occurred on October 16, 1991. The Federal action was commenced in January 1993. The tolling provisions of CPLR 205 (a) are thus inapplicable (*see, Bittner v Cummings*, 188 AD2d 504).

We also reject plaintiff's strained argument that the intentional torts sued on in her second cause of action (intentional infliction of emotional distress) and the third cause of action (false imprisonment) include incidents after October 16, 1991, the day of her arrest, and by which she attempts to extend the pivotal date for Statute of Limitations purposes. The plain language in these causes of action points only to the incident of October 16, 1991 as the date of accrual of the causes of action. As such, the claims are barred under the one-year Statute of Limitations provisions of CPLR 215. Plaintiff cannot raise for the first time on appeal new facts on which to base the accrual of her causes of action in order to avoid the time restraints of the applicable Statute of Limitations. We thus reject as specious her contention that a continuing wrong occurred to her during the length of the order of protection issued against her by Schenectady Police City Court (which denied her the right to see her mother and during the period when her visitation with her mother was restricted) which would extend the date of accrual of these two causes of action.

Cardona, P. J., White and Yesawich Jr., JJ., concur. Ordered that the order is affirmed, without costs.