■ WILLIAM S. NADEAU, Respondent, v JOHN R. LAPOINTE, Individually and as Town Supervisor of the Town of Putnam, Appellant. [707 NYS2d 704] —Lahtinen, J. Appeal from an order of the Supreme Court (Dier, J.), entered March 19, 1999 in Washington County, which, *inter alia*, denied defendant's motion for summary judgment dismissing the complaint.

In early January 1996 defendant, the Town Supervisor of the Town of Putnam in Washington County, was notified by a Town employee that while plowing Town roads he had observed two horses in a field which appeared to have been without food or water. Defendant visited the field several times over the next three days, noting the lack of food or water for the horses on each occasion. On January 6, 1996 defendant contacted the Washington County branch of the American Society for the Prevention of Cruelty to Animals (hereinafter ASPCA) and went with the ASPCA director and an ASPCA peace officer to the field to assess the situation. As a result of that visit the three men went to a Putnam Town Justice who, on the recommendation of the ASPCA director, issued a "notice of animal seizure" pursuant to Agriculture and Markets Law § 373 against Darlene Eichen, who defendant believed owned at least one and possibly both of the horses. The horses were thereafter removed.

On January 6, 1996 defendant signed a criminal information accusing Eichen of the misdemeanor of failing to care for the

horses in violation of Agriculture and Markets Law § 353.[1] Thereafter, plaintiff appeared in Town Court with Eichen and Jane McAlpine, the record owner of one of the horses known as "Cousin Pearl". Defendant was also present. Plaintiff stated that he was the owner of "Cousin Pearl" and that he was caring for both horses. As a result of this court appearance on January 8, 1996 defendant signed a criminal information accusing plaintiff of violating Agriculture and Markets Law § 353 and a "notice of intention to offer a statement" pursuant to CPL 710.30 regarding plaintiff's admission of ownership and care of the horses. A criminal summons was issued for plaintiff to appear in local criminal court on the charge. The criminal charge was eventually disposed of by an adjournment in contemplation of dismissal (hereinafter ACOD) on June 19, 1997.

In January 1997 plaintiff commenced this action against defendant, individually and as Town Supervisor, seeking compensatory and punitive damages for "false accusation and prosecution." Defendant moved for summary judgment and plaintiff cross-moved for the same relief on the issue of liability. Supreme Court denied both motions. Defendant now appeals.

The complaint states that "[t]his claim is for false accusation and prosecution" against defendant in his capacity as Town Supervisor. The second cause of action reasserts the same claims against defendant individually, averring that he was acting beyond the scope of his authority as Town Supervisor. While not clear from the complaint whether the first cause of action sounds in false imprisonment (false arrest) or malicious prosecution, neither claim is sustainable on this record.

The tort of malicious prosecution would require a showing of (1) the commencement or continuation of a criminal proceeding by defendant against plaintiff, (2) the termination of the proceeding in favor of plaintiff, (3) the absence of probable cause for the criminal proceeding, and (4) actual malice (see, Colon v City of New York, 60 NY2d 78, 82; Broughton v State of New York, 37 NY2d 451, 457). Plaintiff does not dispute that he received an ACOD (see, CPL 170.55) on the charge brought by defendant against him. An ACOD bars recovery for malicious prosecution as it is not a determination of guilt or innocence (see, Christenson v Gutman, 249 AD2d 805, 809).[2]

Nor will this record support a claim for false arrest (false

---

1. The criminal information mistakenly cited a violation of Agriculture and Markets Law § 373, which merely authorizes the seizure of animals, instead of section 353.

2. At oral argument, plaintiff's counsel informed this Court that his complaint did not allege a cause of action based on malicious prosecution.

imprisonment), which requires a showing by plaintiff that "(1) the defendant intended to confine him, (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (*Broughton v State of New York, supra*, at 456). Plaintiff has failed to demonstrate by evidentiary proof in admissible form that he was ever confined.[3] His appearance in local criminal court stemmed from a criminal summons (*see*, CPL 130.10 [1]) issued by that court as a result of the criminal information signed by defendant. An appearance pursuant to a criminal summons does not amount to confinement which will support a false arrest claim (*see, Reinhart v Jakubowski*, 239 AD2d 765).

Finally, for the reasons previously discussed, plaintiff's claim that defendant used his position as Town Supervisor to subject plaintiff to false arrest or imprisonment, thereby depriving him of his civil rights guaranteed by the US Constitution in violation of 42 USC § 1983, must likewise fail.

Spain, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendant's motion for summary judgment; motion granted, summary judgment awarded to defendant and complaint dismissed; and, as so modified, affirmed.

---

3. At oral argument, plaintiff's counsel conceded that his client was never confined.