■ MELODY MARTINEZ, Appellant, v CITY OF SCHENECTADY et al., Respondents. [714 NYS2d 572] —Cardona, P. J. Appeal from an order and judgment of the Supreme Court (Kramer, J.),

entered July 7, 1999 in Schenectady County, which, *inter alia,* granted defendants' cross motion for summary judgment dismissing the complaint.

As the result of a search warrant issued on the basis of information provided by a confidential informant, plaintiff's residence was searched by police officers employed by defendant City of Schenectady on September 23, 1987 and a quantity of cocaine was recovered. Plaintiff was indicted for criminal possession of a controlled substance in the first degree and her motion to suppress certain evidence was denied. She was convicted after trial and sentenced to a prison term of 15 years to life.

On appeal, this Court, *inter alia,* upheld the denial of plaintiff's suppression motion finding that the affidavits supplied by the confidential informant provided probable cause for issuance of the search warrant (*see, People v Martinez,* 169 AD2d 340, *revd* 80 NY2d 549). The Court of Appeals reversed concluding, based upon *People v Griminger* (71 NY2d 635), that the affidavits submitted in support of the warrant application did not sufficiently establish the reliability of the informant (*see, People v Martinez,* 80 NY2d 549, *supra*). Consequently, the Court of Appeals granted the suppression motion and dismissed the indictment.

Plaintiff was released from prison in December 1992. Thereafter, she commenced an action in Federal court against the City of Schenectady and various police officers involved in the criminal investigation (hereinafter collectively referred to as defendants) alleging a cause of action under 42 USC § 1983 and State law claims for, *inter alia,* false imprisonment and malicious prosecution. Following the dismissal of her cause of action under 42 USC § 1983 by the Second Circuit Court of Appeals (*see, Martinez v City of Schenectady,* 115 F3d 111), plaintiff was directed to bring her State law claims in State court. As a result, she commenced this action against defendants alleging claims for false imprisonment and malicious prosecution as well as a State constitutional tort cause of action under NY Constitution, article I, §§ 1, 11 and 12.[1] Following joinder of issue, the parties each made motions for summary judgment. Supreme Court, *inter alia,* granted defendants' cross motion and dismissed the complaint, resulting in this appeal.

In order to prevail upon a claim for malicious prosecution,

---

1. Plaintiff also alleged a cause of action premised upon negligent hiring and training which was withdrawn by consent.

the plaintiff must establish "(1) the commencement or continuation of a criminal proceeding by the defendant against the plaintiff, (2) the termination of the proceeding in favor of the accused, (3) the absence of probable cause for the criminal proceeding and (4) actual malice" (*Broughton v State of New York*, 37 NY2d 451, 457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929; *see, Smith-Hunter v Harvey*, 95 NY2d 191). With the tort of false imprisonment, the plaintiff must show "(1) the defendant intended to confine him [or her], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged" (*Broughton v State of New York*, *supra*, at 456; *see, Nadeau v LaPointe*, 272 AD2d 769, 770). While the absence of probable cause is not an essential element of a false imprisonment claim (*see, Broughton v State of New York*, *supra*, at 457), a demonstration that the police acted with probable cause is an affirmative defense to such claim (*see, Stratton v City of Albany*, 204 AD2d 924, 925). Thus, probable cause is a factor relevant to both malicious prosecution and false imprisonment causes of action.

Plaintiff argues that the Court of Appeals' reversal of her conviction based upon the inadequacy of the search warrant application establishes that defendants acted without probable cause in arresting and detaining her. We disagree. In evaluating the sufficiency of plaintiff's 42 USC § 1983 cause of action, the Second Circuit Court of Appeals specifically addressed whether probable cause existed for plaintiff's arrest and detention under the particular circumstances presented herein (*see, Martinez v City of Schenectady*, 115 F3d 111, 115-116, *supra*). Upon considering the affidavits furnished as part of the warrant application along with the transcript of a telephone conversation between the informant and plaintiff, the Court concluded that "the officers 'had reasonable grounds to believe probable cause supported the warrant'" (*id.*, at 116, quoting *Magnotti v Kuntz*, 918 F2d 364, 366) and dismissed plaintiff's 42 USC § 1983 claim. In so holding, the Court specifically noted that the issue before the Court of Appeals, i.e., whether the issuance of the warrant violated the NY Constitution, was entirely different from whether the officers had an objectively reasonable basis for the arrest and detention of plaintiff (*see, Martinez v City of Schenectady*, *supra*, at 116). Inasmuch as plaintiff had a full and fair opportunity to litigate the issue of probable cause in connection with her Federal action, she is barred by the doctrine of collateral estoppel from relitigating that issue here (*see, Velaire v City of Schenectady*, 235 AD2d 647, 649, *lv denied* 89 NY2d 816). Accordingly, since the exis-

tence of probable cause renders both plaintiff's malicious prosecution and false imprisonment claims meritless, those claims were properly dismissed.

In her complaint, plaintiff also alleged a State constitutional tort cause of action under NY Constitution, article I, §§ 11 and 12 based upon the decision in *Brown v State of New York* (89 NY2d 172).[2] In *Brown*, the Court of Appeals, drawing from the Supreme Court's analysis in *Bivens v Six Unknown Fed. Narcotics Agents* (403 US 388),[3] recognized a private right of action to recover damages against the State for violations of the Equal Protection and Search and Seizure Clauses (NY Const, art I, §§ 11 and 12, respectively) of the NY Constitution. In *Brown*, law enforcement officials, over a period of several days, systematically stopped and questioned every non-white male located in and around the City of Oneonta in their search for a black male suspected of assaulting a 77-year-old white woman. Notably, none of those claimants were prosecuted. Finding neither injunctive, declaratory, nor exclusionary relief adequate to protect against the invasion of personal liberty interests suffered by the claimants, the Court of Appeals determined that damages would be the appropriate remedy (*see, Brown v State of New York, supra*, at 192).

The instant case is distinguishable from the *Brown* case (*supra*). Here, unlike the situation in *Brown*, plaintiff was charged with a crime as a result of the search of her premises and prosecuted. Her suppression motion was ultimately granted, her conviction reversed and the indictment was dismissed. Unquestionably, exclusion was a meaningful deterrent and, therefore, plaintiff received an adequate remedy for the invasion of her personal liberty interests. Accordingly, we find that a damage remedy for constitutional tort is unavailable to her and Supreme Court properly dismissed that cause of action. In light of our disposition, we need not consider plaintiff's remaining contentions.

Carpinello, Graffeo, Mugglin and Lahtinen, JJ., concur. Ordered that the order and judgment is affirmed, without costs.

---

2. While plaintiff also relied upon NY Constitution, article I, § 1 in support of her State constitutional tort claim, the Court of Appeals has not recognized that section as a basis for imposing liability (*see, Brown v State of New York*, 89 NY2d 172, *supra*).

3. "In *Bivens*, the Supreme Court implied a private cause of action for damages against federal officials who violated the search and seizure provisions of the Fourth Amendment" (*Wahad v Federal Bur. of Investigation*, 994 F Supp 237, 239).