■ MERLIN LARSEN et al., Appellants, v KURT SCHULTZ et al., Defendants, and STEVEN OSARCZUK et al., Respondents. [720 NYS2d 625] —Spain, J. Appeal from an order of the Supreme Court (Connor, J.), entered October 29, 1999 in Ulster County, which granted a motion by defendants Steven Osarczuk, Mark North and Town of New Paltz for partial summary judgment dismissing the second, fourth, fifth and eighth causes of action in the complaint against them.

In March 1996, plaintiffs were charged with various offenses as a result of their involvement in an altercation at a bar in the Town of New Paltz, Ulster County. Following a hearing at which it was determined that the police had probable cause to arrest and institute criminal proceedings against plaintiffs, a trial was held in Town of New Paltz Justice Court. Plaintiff Merlin Larsen was convicted of disorderly conduct and trespass, and plaintiff Megan Dwyer was convicted of resisting arrest, disorderly conduct and obstruction of governmental administration in the second degree. Plaintiffs appealed their convictions to County Court (*see,* CPL 450.60 [3]), arguing, *inter alia,* that the informations upon which the convictions were based were jurisdictionally defective in that they failed to set forth sufficient facts to establish the statutory elements of the charges. County Court affirmed the convictions, finding that the accusatory instruments against Larsen and Dwyer were facially sufficient. Plaintiffs' subsequent motion for leave to appeal County Court's decision to the Court of Appeals was denied (*People v Larsen*, 91 NY2d 942).

In March 1997, plaintiffs commenced the instant action against, *inter alia,* defendant Town of New Paltz and two of its police officers, defendants Steven Osarczuk and Mark North (hereinafter collectively referred to as defendants). Following joinder of issue, defendants moved for partial summary judgment dismissing the second, fourth, fifth and eighth causes of action alleging malicious prosecution and false arrest. Specifically, they claim that because it has already been determined that there was probable cause to arrest and institute criminal charges against plaintiffs, the aforementioned tort claims must be dismissed as a matter of law. Plaintiffs opposed the motion, contending that the underlying criminal convictions are jurisdictionally defective inasmuch as the accusatory instruments failed to allege each and every element of the crimes charged. Supreme Court granted defendants' motion, finding, *inter alia,* that the jurisdictional issues raised by plaintiffs had been considered and rejected by County Court on the direct appeal of their criminal convictions. This appeal by plaintiffs ensued.

We affirm. Plaintiffs' argument that the accusatory instruments upon which their convictions are based are jurisdictionally defective has been raised, litigated and conclusively decided in connection with the direct appeal of the criminal action. Indeed, County Court specifically rejected the argument advanced here, i.e., that the accusatory instruments failed to allege all the elements of the charged offenses. Inasmuch as plaintiffs have had a full and fair opportunity to litigate their argument in the criminal action, the doctrine of collateral estoppel bars them from relitigating that issue here (*see, Ryan v New York Tel. Co.,* 62 NY2d 494, 500; *Martinez v City of Schenectady,* 276 AD2d 993; *Velaire v City of Schenectady,* 235 AD2d 647, *lv denied* 89 NY2d 816). Plaintiffs' assertion that they cannot be collaterally estopped by the denial of leave to appeal to the Court of Appeals, because such denial is not an adjudication on the merits, is of no moment inasmuch as the preclusive effect of County Court's affirmance of the convictions is the same whether or not leave to appeal was requested. Accordingly, we find that defendants' motion for partial summary judgment dismissing the second, fourth, fifth and eighth causes of action against them was properly granted.

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, with costs.