■ GERARD DE CICCO, Appellant, v MADISON COUNTY et al., Respondents. [750 NYS2d 371] —Spain, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered August 16, 2001 in Madison County, which granted defendants' motion for summary judgment dismissing the complaint.

In 1997, a jury convicted plaintiff of numerous traffic violations, acquitted him of driving while intoxicated, and was unable to reach a verdict on a resisting arrest charge. Justice

Court subsequently dismissed the resisting arrest charge without explanation. On appeal, however, County Court reinstated it and remanded to Justice Court. In February 2000, plaintiff moved to dismiss the resisting arrest charge on the ground that the information was insufficient on its face in that it failed to make factual allegations establishing that the arresting officer was effecting an authorized arrest (see CPL 100.15, 100.40, 170.30 [1] [a]; 170.35 [1] [a]). The prosecution offered no opposition, and Justice Court granted the motion.

Thereafter, plaintiff commenced this action in Supreme Court alleging malicious prosecution, defamation and abuse of process. Defendants moved for summary judgment seeking dismissal of the complaint. The court granted the motion holding that (1) the facts alleged by plaintiff failed to establish the elements of any of the asserted causes of action, (2) plaintiff failed to timely file a notice of claim with respect to the defamation and abuse of process claims, and (3) plaintiff had not obtained jurisdiction over defendants Madison County District Attorney's office and Madison County Sheriff's Department. Plaintiff appeals, and we affirm.

Plaintiff challenges only the dismissal of his malicious prosecution cause of action.* "In order to establish a prima facie case of malicious prosecution, a plaintiff must demonstrate (1) the commencement of a criminal proceeding by defendant against him, (2) the termination of that proceeding in his favor, (3) the absence of probable cause for the proceeding, and (4) actual malice" (Ellsworth v City of Gloversville, 269 AD2d 654, 656 [citation omitted]; see Martinez v City of Schenectady, 97 NY2d 78, 84; Romero v State of New York, 294 AD2d 730, 731, lv dismissed 98 NY2d 727). A dismissal based upon the legal insufficiency of a charging instrument is not a termination in favor of plaintiff within the context of a malicious prosecution claim (see MacFawn v Kresler, 88 NY2d 859, 860).

Here, inasmuch as the resisting arrest charge was ultimately dismissed on the ground that the information was defective in that it was insufficient on its face (see CPL 170.35 [1] [a]), plaintiff failed to allege facts sufficient to establish the second element of his malicious prosecution cause of action. Furthermore, plaintiff's argument on the third element of the mali-

---

* By failing to raise any issues in his brief with respect to his defamation and abuse of process causes of action, plaintiff has abandoned any arguments with respect to these matters (see Matter of Alexis BB., 285 AD2d 751, 752). In any event, were we to reach these issues, we would find that Supreme Court properly dismissed these causes of action for failure to include them in his notice of claim (see General Municipal Law § 50-e).

cious prosecution claim—that probable cause did not exist to support the resisting arrest charge—"has been raised, litigated and conclusively decided [against defendant] in connection with the direct appeal of the criminal action [in County Court]" (*Larsen v Schultz*, 280 AD2d 839, 840). Plaintiff, having had a full and fair opportunity to litigate that issue at the suppression hearing in Justice Court and again on appeal in County Court, is precluded by the doctrine of collateral estoppel from relitigating that issue in this Court in the context of his civil cause of action (*see id.*). For these reasons, we conclude that Supreme Court properly dismissed the malicious prosecution cause of action.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the order is affirmed, without costs.