■ VILLAGE OF ANGELICA, Respondent, v STEPHEN VOITH et al., Appellants. [816 NYS2d 635]—

Appeal from a judgment of the Supreme Court, Allegany County (Michael L. Nenno, A.J.), entered May 16, 2003. The judgment, among other things, enjoined defendants from further violations of a Village ordinance.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff, Village of Angelica (Village), commenced this action alleging that defendants had violated a Village ordinance by harboring animals on their 2¹/₂-acre residential parcel within the Village and seeking the issuance of a permanent injunction requiring defendants to remove those animals from their property. Contrary to defendants' contention, Supreme Court properly precluded defendants from litigating their defenses under the Free Exercise Clause of the First Amendment to the US Constitution and the Religious Land Use and Institutionalized Persons Act of 2000 (42 USC § 2000cc *et seq.*). In determining that defendants were precluded from litigating those religious freedom defenses, the court properly accorded collateral estoppel effect to the written decision of County Court on the appeal by defendant Stephen Voith from a judgment of Village Court determining that Stephen had violated the ordinance (*see De Cicco v Madison County*, 300 AD2d 706, 708 [2002]; *Larsen v Schultz*, 280 AD2d 839, 840 [2001]; *Killmer v Village of Whitehall*, 81 AD2d 972, 972-973 [1981], *lv denied* 54 NY2d 608 [1981]). Those same religious freedom defenses were rejected by County Court on the prior appeal, and Supreme Court properly determined that collateral estoppel applies with respect to defendant Linda Voith as well inasmuch as she is in privity with Stephen (*see Buechel v Bain*, 97 NY2d 295, 304-306 [2001], *cert denied* 535 US 1096 [2002]; *see generally Green v Santa Fe Indus.*, 70 NY2d 244, 253 [1987]).

Finally, the court properly concluded that Stephen had a full and fair opportunity to litigate those defenses in the prior proceeding (*see De Cicco*, 300 AD2d at 708; *Larsen*, 280 AD2d at 839-840; *Killmer*, 81 AD2d 972 [1981]; *see generally Gilberg v Barbieri*, 53 NY2d 285, 291 [1981]).

Defendants failed to preserve for our review their contention that the court erred in ending the trial in the midst of defendants' case-in-chief and in immediately proceeding to issue its decision (*see generally Monroe v Lozner*, 267 AD2d 966 [1999]). We note in any event that defendants fail in their brief on appeal to identify any pertinent evidence that might have been adduced had their attorney sought to elicit further testimony from defendants or their witnesses.

With respect to the merits, we conclude that the court properly determined that defendants had been in continual violation of the Village ordinance by harboring cows, a goat, and other animals of that sort on their property and properly enjoined them from further violations of the ordinance (*see generally* Village Law §§ 7-714, 20-2006 [1] [c]; *Incorporated Vil. of Freeport v Jefferson Indoor Mar.*, 162 AD2d 434, 436 [1990]; *Village of Pelham Manor v Crea*, 112 AD2d 415 [1985]). Contrary to the contention of defendants, neither their leasing of the 12-acre noncontiguous parcel nor their regard of their animals as their companions or pets brings them into compliance with the ordinance. Present—Scudder, J.P., Kehoe, Smith, Green and Pine, JJ.