██ ROBERT CHARLES MARTIN, Respondent, v H.J. ROSENZWEIG JR., Individually and as a Member of the Town of Colonie Police Department, et al., Appellants. [894 NYS2d 228]—

Stein, J. Appeal from an order of the Supreme Court (Devine, J.), entered March 13, 2009 in Albany County, which, among other things, denied defendants' motion for partial summary judgment dismissing the complaint.

Plaintiff commenced this action to recover alleged damages arising out of an incident that occurred one evening in June 2005. Plaintiff alleges that defendant H.J. Rosenzweig Jr. and four other police officers employed by the police department in the Town of Colonie, Albany County negligently and unlawfully entered his apartment and fired at him with a Taser gun, after which plaintiff was arrested on charges of obstructing governmental administration in the second degree and resisting arrest. Following a hearing, Colonie Town Court made a determination—which plaintiff did not appeal—that probable cause existed for Rosenzweig and the other officers to enter the apartment. Over one year later, plaintiff accepted the People's offer of an adjournment of both charges in contemplation of dismissal (hereinafter ACOD).

Plaintiff commenced this action[1] during the pendency of the criminal action. Defendants moved for partial summary judgment dismissing plaintiff's causes of action sounding in false imprisonment, false arrest, unlawful entry and violation of 42 USC § 1983 and plaintiff cross-moved for summary judgment. Supreme Court denied both the motion and the cross motion, but dismissed the causes of action alleging intentional torts[2] as time-barred. Defendants now appeal Supreme Court's denial of the remainder of their motion, contending that Town Court's probable cause determination in the criminal action precludes plaintiff from relitigating that issue and, therefore, plaintiff's 42 USC § 1983 claim cannot stand.[3] We agree.

The doctrine of collateral estoppel "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . whether or not the tribunals or causes of action are the same" (*Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). A demonstration that the police acted with probable cause is an affirmative defense to a claim for false imprisonment (*see Martinez v City of Schenectady*, 276 AD2d 993, 995 [2000], *affd* 97 NY2d 78 [2001]). Likewise, the sufficiency of plaintiff's 42 USC § 1983 cause of action will be assessed by whether probable cause for plaintiff's arrest and detention existed (*see id.*).

Inasmuch as defendants have established that the identity of the issue before Town Court and in the instant action is the same (*see Ryan v New York Tel. Co.*, 62 NY2d at 500) and that such issue was decided in Town Court adversely to plaintiff, in order to prevent the preclusive effect of collateral estoppel, the burden shifted to plaintiff to demonstrate the absence of a full

---

**1.** Plaintiff's complaint sets forth six causes of action. The first two causes of action were against Rosenzweig for assault and negligence. Although the complaint is inartfully drafted, it appears that the remaining four causes of action against defendant Town of Colonie allege negligence and violation of 42 USC § 1983 based upon, among other things, false arrest, false imprisonment and unlawful entry by the officers.

**2.** These include the first cause of action against Rosenzweig for assault and the fourth cause of action against the Town, which appears to be premised on false arrest/false imprisonment.

**3.** After Supreme Court's decision, the only surviving causes of action were the second cause of action against Rosenzweig (for negligence) and the first, second and third causes of action against the Town (for negligence and violation of 42 USC § 1983). We note that defendants did not request summary judgment dismissing plaintiff's negligence causes of action. To the extent that defendants' argument that plaintiff's claims of false arrest, false imprisonment and unlawful entry—which were dismissed on other grounds—are also barred by collateral estoppel is still viable, we would apply the same analysis as we do herein with respect to the 42 USC § 1983 claim.

and fair opportunity to litigate the issue of probable cause in Town Court (*see id.* at 501-502; *De Cicco v Madison County*, 300 AD2d 706, 707-708 [2002]; *Larsen v Schultz*, 280 AD2d 839, 840 [2001]; *Samhammer v Home Mut. Ins. Co. of Binghamton*, 120 AD2d 59, 62 [1986]). "Relevant factors in determining whether there has been a full and fair opportunity include: 'the nature of the forum and the importance of the claim in the prior litigation, the incentive and initiative to litigate and the actual extent of litigation, the competence and expertise of counsel, the availability of new evidence, the differences in the applicable law and the foreseeability of future litigation' " (*Samhammer v Home Mut. Ins. Co. of Binghamton*, 120 AD2d at 62, quoting *Ryan v New York Tel. Co.*, 62 NY2d at 501).

Here, the issue of probable cause was of great significance in the criminal action and, therefore, plaintiff had ample incentive to litigate it. In addition, plaintiff had competent counsel who zealously represented him at the probable cause hearing (and who also represented plaintiff in this civil action) and this action was clearly foreseeable, as it was commenced during the pendency of the criminal action. Plaintiff does not contend that new evidence is available or that there are differences in the law applicable to the two actions. Rather, plaintiff's argument that he was deprived of a full and fair opportunity to litigate Town Court's determination that probable cause existed is based on the fact that, once he accepted the ACOD, there was no opportunity for appellate review.

We are unpersuaded. Since plaintiff clearly made a voluntary choice to accept an ACOD in settlement of the charges against him, rather than pursue his right to trial and, ultimately, to an appeal of the probable cause determination, he is precluded from relitigating that determination (*see Janendo v Town of New Paltz Police Dept.*, 211 AD2d 894, 899 [1995]). Thus, plaintiff cannot meet his evidentiary burden with respect to the 42 USC § 1983 cause of action and Supreme Court should have granted defendants' motion dismissing that cause of action.

Cardona, P.J., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for partial summary judgment dismissing the 42 USC § 1983 cause of action; motion granted to that extent and said cause of action dismissed; and, as so modified, affirmed.