■ LOUIS NADAL, Appellant, v CITY OF NEW YORK et al., Respondents. [964 NYS2d 100]—

Order, Supreme Court, Bronx County (Larry S. Schachner, J.), entered June 20, 2012, which granted defendants' motion for summary judgment dismissing the causes of action alleging false arrest/imprisonment and malicious prosecution, unanimously affirmed, without costs.

Dismissal of the false arrest/imprisonment claim was proper where plaintiff was arrested for the shooting death of another pursuant to a facially valid arrest warrant, which is a complete defense to the cause of action (*see Marrero v City of New York*, 33 AD3d 556, 557 [1st Dept 2006]). Moreover, plaintiff was indicted by a grand jury, which creates a presumption that probable cause existed (*see Colon v City of New York*, 60 NY2d 78, 82-83 [1983]; *Lawson v City of New York*, 83 AD3d 609, 610 [1st Dept 2011], *lv dismissed* 19 NY3d 952 [2012]), and the fact that plaintiff was ultimately acquitted after trial does not negate the existence of probable cause (*see Jenkins v City of New York*, 2 AD3d 291, 292 [1st Dept 2003]). Plaintiff's argument that one of the witnesses was coerced to change her testimony is unsupported by the record and, thus, is inadequate to rebut the presumption of probable cause afforded by the indictment (*see Colon*, 60 NY2d at 83).

It is further noted that at plaintiff's second criminal trial, the trial court found that probable cause existed, and therefore, plaintiff is collaterally estopped from attempting to relitigate

that issue (*see Martin v Rosenzweig*, 70 AD3d 1112, 1113-1114 [3d Dept 2010]; *Velaire v City of Schenectady*, 235 AD2d 647, 648-649 [3d Dept 1997], *lv denied* 89 NY2d 816 [1997]).

The existence of probable cause is also fatal to plaintiff's claim for malicious prosecution (*see Shapiro v County of Nassau*, 202 AD2d 358 [1st Dept 1994], *lv denied* 83 NY2d 760 [1994]). The claim is also deficient in light of plaintiff's failure to show that the criminal proceeding against him was "brought out of actual malice" (*Martinez v City of Schenectady*, 97 NY2d 78, 84 [2001]; *see Shapiro* at 358).

We have considered plaintiff's remaining arguments, including that he is entitled to an award of punitive damages in light of defendants' improper actions, and find them unavailing. Concur—Gonzalez, P.J., Sweeny, Degrasse and Manzanet-Daniels, JJ.

Motion seeking recusal denied.