■ AKEA ROYAL, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [8 NYS3d 69]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered December 20, 2013, which granted defendant's motion to dismiss the complaint, unanimously affirmed, without costs.

The then 19-year old plaintiff allegedly entered defendant's residential apartment building with a friend pursuant to an invitation from a person she believed to be a tenant in apartment 8E, but who in fact was an illegal squatter. Plaintiff had visited the occupant in the eighth-floor apartment on approximately 10 prior occasions. Evidence submitted on the motion indicated that defendant learned that the registered tenant of apartment 8E had vacated the premises and recent noise complaints attributed to the apartment prompted defendant to investigate with the assistance of the police. After the police knocked on the door of the apartment and identified themselves, a key was used to enter the apartment. The squatter was arrested and plaintiff, who had medically determined cognitive deficits, and cerebral palsy, attempted to escape from police through a window in the apartment. Plaintiff fell when she lost her grip on the cable that was affixed to the building, and was injured. Plaintiff alleges, inter alia, that defendant was negligent in failing to secure the building's front door and apartment 8E, in failing to provide window guards, and allowing a cable to be placed near the eighth-floor window that she exited.

Plaintiff's negligence claim was properly dismissed, as her deliberate intervening act of attempting to leave the building through an eighth-floor window was the sole proximate cause of her injuries (*see Harris v New York City Hous. Auth.*, 194 AD2d 714 [2d Dept 1993]). Plaintiff's argument that it was foreseeable that she would seek to escape through the window because of her cognitive deficits is unavailing. There were no allegations that defendant should have known of plaintiff's alleged mental infirmities, and owed plaintiff a duty of care on such basis (*compare Campbell v Cluster Hous. Dev. Fund Co.*, 247 AD2d 353 [2d Dept 1998] [the defendant had knowledge of the plaintiff's mental infirmities]).

Plaintiff's claims for false arrest, false imprisonment and malicious prosecution were properly dismissed as plaintiff was not arrested, but rather, was issued an appearance ticket (*see Nadeau v LaPointe*, 272 AD2d 769 [3d Dept 2000]).

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Manzanet-Daniels, Clark and Kapnick, JJ.