■ WALTER R. BETHKA et al., Respondents, v ROBERT J. JENSEN et al., Appellants, et al., Defendant. [672 NYS2d 494] —Carpinello, J. Appeal from an order of the Supreme Court (Keniry, J.), entered April 2, 1997 in Saratoga County, which denied a motion by defendants Robert J. Jensen and Patricia D. Jensen for summary judgment dismissing the complaint against them.

In December 1992, plaintiffs purchased the residence of defendants Robert J. Jensen and Patricia D. Jensen (hereinafter collectively referred to as defendants) located in Rivercrest Development in the Town of Clifton Park, Saratoga County. Prior to the sale, defendants provided plaintiffs with written material indicating that the property was serviced by "Town water and sewer", that $502.75 of the annual taxes for the property were allocated to the "Rivercrest Sewer District" and that the property's total taxes were significantly less than an equivalent home in a neighboring town. Less than one month after the closing on the property, plaintiffs received a bill representing a "special assessment" on the property for the operation and maintenance of the sewer system. This separate assessment was limited to the 17 residents in the Rivercrest Development. There is evidence in the record that defendants initially intended to disclose to potential purchasers that the sewer system servicing the property was in the process of being connected to another system and that an additional assessment was likely, but subsequently deleted this information from the written material describing the house.

Plaintiffs commenced this action to rescind the contract or, in the alternative, to recover damages for defendants' alleged fraudulent misrepresentations concerning the true status of the sewer system servicing the property. Prior to completion of discovery, defendants moved for summary judgment which was denied by Supreme Court. Defendants appeal.

On the particular facts of this case, and in light of the procedural status of the action, we affirm. The doctrine of caveat emptor imposes no duty upon a vendor to disclose any in-

formation concerning the property in an arm's length real estate transaction (*see, e.g., London v Courduff*, 141 AD2d 803, 804, *lv dismissed* 73 NY2d 809). If, however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of "active concealment" (*Slavin v Hamm*, 210 AD2d 831, 832; *see, Stambovsky v Ackley*, 169 AD2d 254, 257), a seller may have a duty to disclose information concerning the property. Here, plaintiffs allege specific conduct on the part of defendants, not just their failure to speak, which deceived them.

Defendants, on the other hand, persuasively counter that they did not conceal anything from plaintiffs that could not have been readily discovered by inquiry from municipal authorities. We have recently held, however, that "whether a party could have ascertained the facts with reasonable diligence is a factual question for resolution by the jury" (*Rudolph v Turecek*, 240 AD2d 935, 938, *lv denied* 90 NY2d 811; *see, Casey v Masullo Bros. Bldrs.*, 218 AD2d 907; *Todd v Pearl Woods*, 20 AD2d 911, *affd* 15 NY2d 817). Given the outstanding discovery in this case, we feel constrained to find that Supreme Court properly denied defendants' motion for summary judgment since questions of fact exist concerning whether defendants made material representations which induced plaintiffs to purchase the property and whether a reasonable inquiry by plaintiffs would have revealed the sewer system special assessment (*see, Casey v Masullo Bros. Bldrs., supra; Hauser v Lista*, 201 AD2d 873, 874-875; *Dygert v Leonard*, 138 AD2d 793, 795).

Mercure, J. P., White, Peters and Spain, JJ., concur. Ordered that the order is affirmed, with costs.