■ JOSEPH GIZZI et al., Appellants-Respondents, v DAVID E. HALL et al., Individually and Doing Business as HALL DESIGN BUILDERS, Respondents-Appellants. [754 NYS2d 373] —Kane, J.

Cross appeals from a judgment of the Supreme Court (Ferradino, J.), entered September 28, 2001 in Saratoga County, which, inter alia, partially granted defendants' motion for partial summary judgment dismissing the complaint.

In July 1999, plaintiffs entered into a contract with defendants to purchase a residence constructed by defendants at 4960 Jockey Street in the Village of Ballston Spa, Saratoga County. Shortly thereafter, the parties executed a note and purchase money mortgage in the amount of $130,000 in connection with the purchase of the property. Prior to the sale, plaintiffs had the opportunity to and did have the home inspected.

Less than one month after the closing on the property, plaintiffs discovered that the house's cedar exterior was cracking and the stain was beginning to peel and fall off, allegedly stemming from its improper installation and stain treatment. In addition, mildew developed on the house's exterior and the caulking material used to seal the siding to the joints was softening and peeling. Upon plaintiffs' investigation, they learned that, prior to installation and for a significant time after it was installed, the cedar siding had been left exposed to the elements without being treated with protective stain or primer. Plaintiffs further discovered, in the course of having a front porch installed on the residence, that the house had not been built with an insulation barrier and the builder had used silicone to fill large gaps where the siding had been improperly affixed to the residence. Plaintiffs also learned that the house had been built on an area that had a considerable drainage problem, but that defendants rectified the problem by installing a drainage culvert.[1] In April 2000, plaintiffs experienced a strong septic odor in and around their property and allege that defendants had improperly installed their septic system.

Plaintiffs commenced this action alleging fraud, negligence, breach of contract, failure to disclose defects/withholding information, breach of warranty and malpractice. They also sought, as a seventh cause of action, a declaratory judgment rescinding the contract and compensatory and punitive damages. Defendants answered and asserted counterclaims, including one to

1. Plaintiffs claim that they were later told by their neighbors and others that defendants had illegally dug a large portion of the drainage culvert on the neighbors' property, that the neighbors had sued defendants and, if successful, intended to fill the drainage ditch.

foreclose plaintiffs' purchase money mortgage, which plaintiffs admitted has been in default since May 2000. Defendants moved for partial summary judgment, seeking dismissal of all but the breach of contract and breach of warranty claims, as well as seeking dismissal of the claim for punitive damages. Defendants also sought summary judgment on their counterclaims seeking monetary damages. Supreme Court partially granted defendants' motion by dismissing the causes of action for fraud, negligence, failure to disclose defects/withholding information and malpractice, finding that same were subsumed in the breach of contract cause of action, and it also dismissed the claim for punitive damages. Supreme Court denied that portion of defendants' motion seeking summary judgment on the counterclaims, stating that "[a] determination of damages due to the defendants based upon their rights under the bond and mortgage must await any setoff which may be due the plaintiffs." Plaintiffs appeal and defendants cross-appeal from the order.

As a starting point, we agree that Supreme Court erred in dismissing the causes of action for fraudulent misrepresentation and fraudulent concealment of defects. A separate cause of action seeking damages for fraud cannot stand when the only fraud alleged relates to a breach of contract (*see Egan v New York Care Plus Ins. Co.*, 277 AD2d 652, 653; *see also Rothberg v Reichelt*, 270 AD2d 760, 762). But where, as here, plaintiffs' allegations of intentional fraud, though "parallel in many respects to the breach of contract claim" (*RKB Enters. v Ernst & Young*, 182 AD2d 971, 972), include claims of fraudulent misrepresentations made by defendants which induced them to enter into the contract and close on the property, they are not "merely redundant" of the breach of contract claim (*id.* at 972; *see Clark-Fitzpatrick, Inc. v Long Is. R.R. Co.*, 70 NY2d 382, 390). Hence, we conclude that plaintiffs' fraud cause of action is sustainable.

" '[T]o make out a [cause of action for] fraud, a party must establish that a material misrepresentation, known to be false, has been made with the intention of inducing its reliance on the misstatement, which caused it to reasonably rely on the misrepresentation, as a result of which it sustained damages' " (*Cohen v Colistra*, 233 AD2d 542, 542-543, quoting *First Nationwide Bank v 965 Amsterdam*, 212 AD2d 469, 470-471). Specifically, plaintiffs allege that defendants falsely stated that the house had a proper infiltration barrier, that the cedar siding had been properly installed and treated, and that not only was the drainage culvert both free from flooding problems and

on property belonging to plaintiffs, but that it was a naturally created stream which had existed for "100 years." To prove that defendants had knowledge, plaintiffs proffer statements from several individuals, including painters, the builder who assisted in the construction of the house and an engineering firm. While defendants are correct that the statements are unauthenticated hearsay, such statements are nevertheless sufficient to defeat a claim for summary judgment because plaintiffs properly " 'identif[ied] the witnesses, the substance of their testimony, how it is known what that testimony would be and how the witnesses acquired their knowledge * * * [,] provided [that] an acceptable excuse for the failure to tender evidence in admissible form is supplied' " (*Siegel v Wank*, 183 AD2d 158, 161, quoting *Landisi v Beacon Community Dev. Agency*, 180 AD2d 1000, 1002; *see Egleston v Kalamarides*, 58 NY2d 682, 684; *Phillips v Kantor & Co.*, 31 NY2d 307, 312; *accord Baker v City of Elmira*, 271 AD2d 906, 909). Plaintiffs adequately satisfied this requirement by providing the necessary details with respect to their witnesses and, in one instance, indicated the reluctance of a witness to come forward for fear of legal reprisal from defendants. Plaintiffs have also offered the affidavit of a building inspector who performed a residential home inspection of the property and concluded that the problems complained of could not have been discovered by plaintiffs' reasonable inspection. Furthermore, contrary to defendants' assertions, a general merger clause, such as the one contained in the contract of sale herein, is insufficient to preclude the use of parol evidence to prove a claim of fraud (*see Dyke v Peck*, 279 AD2d 841, 842; *see also Cetnar v Kinowski*, 263 AD2d 842, 843, *lv dismissed* 94 NY2d 872; *Landes v Sullivan*, 235 AD2d 657, 658).

We are also of the view that Supreme Court erred in dismissing plaintiffs' cause of action for fraudulent concealment. "The doctrine of caveat emptor imposes no duty upon a vendor to disclose any information concerning the property in an arm's length real estate transaction" (*Bethka v Jensen*, 250 AD2d 887, 887-888 [citation omitted]).[2] "If, however, some conduct (i.e., more than mere silence) on the part of the seller rises to the level of 'active concealment', a seller may have a duty to disclose information concerning the property" (*id.* at 888 [citations omitted]; *see Slavin v Hamm*, 210 AD2d 831, 832). Defendants argue that they did not conceal anything from

---

2. But see Real Property Law article 14 (eff Mar. 1, 2002), which mandates certain disclosure with respect to residential real property transactions (L 2001, ch 456).

plaintiffs that could not have been readily discovered through plaintiffs' inspection of the property and inquiries of the neighbors. However, " 'whether a party could have ascertained the facts with reasonable diligence is a factual question for resolution by the jury' " (*Bethka v Jensen, supra* at 888, quoting *Rudolph v Turecek*, 240 AD2d 935, 938, *lv denied* 90 NY2d 811). Accepting as true the evidence offered by the nonmovant plaintiffs, as we must when considering a motion for summary judgment, we find questions of fact exist concerning whether defendants made material representations which induced plaintiffs to purchase the property and whether a reasonable inquiry by plaintiffs would have revealed the problems with respect to the siding, the septic system, the drainage culvert and the infiltration barrier.

Conversely, we find that plaintiffs have failed to allege "facts sufficient to demonstrate that defendants' conduct rose to the level of high moral culpability which must be reached to support a claim for punitive damages" (*RKB Enters. v Ernst & Young*, 182 AD2d 971, 973, *supra*) and, thus, Supreme Court properly dismissed plaintiffs' claim for same.

Finally, we conclude that Supreme Court erred in denying that portion of defendants' motion for summary judgment on the counterclaims seeking recovery from plaintiffs for damages arising from plaintiffs' failure to pay the amounts due under the note and mortgage. Plaintiffs have admitted that they have not been paying their monthly mortgage payment since May 2000. "Just as this court sustained the legality of a mortgage where the note was illegal, we now conclude that a mortgage may not be set aside solely because the underlying transaction was tainted by a fraudulent representation" (*Jo Ann Homes at Bellmore v Dworetz*, 25 NY2d 112, 122 [citation omitted]; *see Dyke v Peck*, 279 AD2d 841, 844, *supra*). Since fraud is not a defense in an action to foreclose a mortgage, summary judgment should have been granted to defendants with respect to their counterclaims. Notwithstanding, a trial is required to ascertain whether any damages on plaintiffs' causes of action may be offset as against the amount due defendants. Enforcement of the judgment of foreclosure and sale is stayed pending the trial and determination thereof on condition that plaintiffs deposit with Supreme Court all regular monthly installment payments due and owing to date within 30 days after service upon them of a copy of this decision and order, with notice of entry, and to thereafter deposit with the court, on a monthly basis, such installment payments, on their due dates, as so provided in the mortgage note.

Cardona, P.J., Mercure, Spain and Lahtinen, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as dismissed the fraudulent misrepresentation and fraudulent concealment causes of action, and as denied defendants' motion for summary judgment on their counterclaims; matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.