■ ROBERT H. BOYLE et al., Respondents, v JOHN McGLYNN et al., Appellants. [814 NYS2d 312]—

Carpinello, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered August 23, 2005 in Otsego County, which denied defendants' motion for summary judgment dismissing the complaint.

One month after plaintiffs purchased defendants' 133-acre Otsego County property, they learned that plans were in the works for the construction of large wind turbines on the adjacent parcel. They thereafter commenced this action seeking rescission of the contract and money damages stemming from alleged fraud and misrepresentation on the part of defendants in conjunction with the sale. At issue is an order of Supreme Court denying summary judgment to defendants. We affirm.

Defendants claim that they had no duty to plaintiffs and that the doctrine of caveat emptor is a complete defense to this action. To be sure, " '[t]he doctrine of caveat emptor imposes no duty upon a vendor to disclose any information concerning the property in an arm's length real estate transaction' " (*Gizzi v Hall,* 300 AD2d 879, 881 [2002], quoting *Bethka v Jensen,* 250 AD2d 887, 887-888 [1998]; *see Rector v Calamus Group, Inc.,* 17 AD3d 960, 962 [2005]). Nevertheless, if "some conduct (i.e., more than mere silence) on the part of the seller rises to the level of 'active concealment,' a seller may have a duty to disclose information concerning the property" (*Gizzi v Hall, supra* at 881, quoting *Bethka v Jensen, supra* at 888). Accepting as true the evidence offered by plaintiffs, we find that questions of fact have been raised concerning whether defendants knew about the subject wind turbine project when they placed their home on the market* and whether they thereafter made material misrepresentations which deceived plaintiffs and induced them to purchase the property (*see e.g. Jablonski v Rapalje,* 14 AD3d 484 [2005]; *Gizzi v Hall, supra; Bethka v Jensen, supra; Dygert v Leonard,* 138 AD2d 793, 795 [1988]).

In particular, according to plaintiffs, defendants were well

---

* Plaintiffs submitted the affidavit of a neighbor of defendants who detailed two conversations with defendant John McGlynn months before the property was placed for sale during which the subject wind turbine project was discussed and McGlynn stated that the presence of such turbines in the vicinity would "force" him to sell his property.

aware that they wanted to purchase property with a scenic view that was free of environmental controversy and land use battles. Moreover, again according to plaintiffs, the status of the adjacent parcel where the wind turbines were planned was specifically discussed with defendant John McGlynn prior to the closing at which time McGlynn assured them that this parcel was "protected." Defendants also allegedly told plaintiffs that the property "is the greatest place. No problem. You don't have to protect yourself anywhere." When plaintiffs specifically inquired about the property and surrounding area, they were told "[t]hat it was a beautiful place, it was tiptop and as tantalizing as the brochure indicated." Of note, this brochure advertised the property as "back[ing] up to one of the largest areas of undeveloped land in the County." Moreover, as plaintiffs were photographing the distant views from the property one day, McGlynn allegedly pointed out that "[t]his is what you *see,* this is what you get." Finally, in conjunction with concerns about an unrelated environmental issue on a neighboring farm, plaintiffs directly asked defendants if there were any other "nasty" surprises that they should know about, to which McGlynn allegedly responded in the negative and reiterated that the "area was secluded and protected" (*see Cetnar v Kinowski,* 263 AD2d 842 [1999], *lv dismissed* 94 NY2d 872 [2000]).

Defendants also contend that they are entitled to summary judgment because plaintiffs were sophisticated purchasers who could have readily discovered the plans to construct the wind turbine project prior to the closing. While there was one published article about the project in a local newspaper approximately one week before plaintiffs made their purchase offer, plaintiffs established that they did not live in the area at that time and hence did not read it (*compare Glazer v LoPreste,* 278 AD2d 198 [2000]). There is also evidence in the record indicating that documents were not filed with the local planning board until one month after the parties' closing. Under these circumstances, we find that resolution of this dispute is also a factual question for the jury to decide (*see Gizzi v Hall, supra* at 882; *Bethka v Jensen, supra* at 888; *Casey v Masullo Bros. Bldrs.,* 218 AD2d 907 [1995]).

Finally, we find no unreasonable delay on the part of plaintiffs in seeking rescission and are unpersuaded by defendants' remaining contentions on appeal.

Mercure, J.P., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.