■ Zinter Handling, Inc., Appellant, v Joseph Britton, Also Known as Earl J. Britton, et al., Respondents. [847 NYS2d 271]—

Mugglin, J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered February 6, 2007 in Saratoga County, which granted defendants' motion for summary judgment dismissing the complaint.

Defendants were employed as salespeople by plaintiff, and each signed a covenant not to compete in the materials handling business upon leaving employment with plaintiff for a period of two years within a radius of 180 miles from plaintiff's principal place of business in the City of Saratoga Springs, Saratoga County. The covenants, among other things, prohibited (1) soliciting or accepting business from any past or present customer of plaintiff, (2) advising any present or future customer of plaintiff not to do business with plaintiff, (3) soliciting or encouraging any employee of plaintiff to terminate employment with plaintiff, (4) disclosing any financial or other confidential information concerning plaintiff acquired while in its employ, and (5) competing directly or indirectly in any business similar to the business conducted by plaintiff. In addition, the covenants provided that in the event of a breach before the expiration of two years, the two-year period would be extended by the length of the breach.

Defendant Joseph Britton resigned from plaintiff on July 23, 2004 and formed Northern Industrial Supply, LLC by appropriate filings with the Secretary of State in October 2005, six days after his brother, defendant John Britton, resigned from his position with plaintiff. Defendants then commenced litigation against their former employer seeking a judicial declaration that the restrictive covenants were invalid and void. When Supreme Court denied their motion for a preliminary injunction, all parties stipulated to discontinuance, without prejudice. Thereafter, in July 2006, plaintiff commenced this action seeking injunctive relief against defendants, a declaration as to the continued validity of the restrictive covenants and monetary damages for the alleged breach of the covenants by defendants.

Following joinder of issue and during the discovery process, defendants moved for summary judgment dismissing the complaint asserting that as to Joseph Britton, the covenant had expired, and that as to both defendants, the covenant was unenforceable as overly broad. Supreme Court granted the motion and plaintiff appeals, asserting that (1) the doctrine of collateral estoppel bars defendants from contesting the enforceability of the noncompete covenant, (2) issues remain as to whether Joseph Britton breached the covenants within two years of leaving employment, (3) summary judgment was inappropriate as discovery is not complete, and (4) the restrictive covenants are valid and enforceable. We reject each argument and affirm.

"Collateral estoppel, or issue preclusion, 'precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in a prior action or proceeding and decided against that party . . . , whether or not the tribunals or causes of action are the same' " (*Parker v Blauvelt Volunteer Fire Co.*, 93 NY2d 343, 349 [1999], quoting *Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]). Here, plaintiff asserts that defendants' failed attempt to obtain an injunction against enforcement of the covenant in the prior litigation collaterally estops defendants from now contesting the enforceability of the covenant. We disagree. Supreme Court's denial of defendants' request for a preliminary injunction was premised on its conclusion that defendants' submissions failed to adequately establish the three elements necessary for the issuance of a preliminary injunction (*see Village of Angelica v Voith*, 28 AD3d 1193, 1194 [2006]). Since the issue of enforceability of the covenant was not specifically decided by Supreme Court in conjunction with the denial of the preliminary injunction, the doctrine of collateral estoppel has no application (*see Matter of Halyalkar v Board of Regents of State of N.Y.*, 72 NY2d 261, 268 [1988]).

Next, we conclude that Supreme Court correctly determined that with respect to Joseph Britton, the two-year noncompete covenant had expired. His evidentiary submissions were adequate to shift the burden of coming forward with competent admissible evidence to plaintiff to create a genuine triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Plaintiff's president, in his affidavit, points to the incorporation of a business by Joseph Britton in October 2005, and claims that Joseph Britton encouraged John Britton to leave his sales position with plaintiff and further claims that plaintiff had been informed by a long-standing customer that it would no longer use plaintiff's services at the suggestion and urging of defen-

dants. Plaintiff, however, offered no competent admissible evi-
dence in support of the second and third allegations, and
incorporation, without more, is not enough to constitute a viola-
tion of the covenant. Thus, summary judgment with respect to
this issue was appropriate.

Next, although determination of a summary judgment motion
may be withheld where discovery is incomplete (*see* CPLR 3212
[f]), there must be some evidentiary showing suggesting that
completion of discovery will yield material and relevant evi-
dence (*see Lambert v Bracco*, 18 AD3d 619, 620 [2005]). Here,
not only does it appear that plaintiff's argument is based on
conjecture and speculation, the record reveals that plaintiff had
other sources from which to obtain the evidence that it now
claims could be obtained through deposition of defendants. Ac-
cordingly, we are unconvinced that the need for additional
discovery precludes a decision on defendants' motion for sum-
mary judgment.

Finally, we conclude that plaintiff's noncompete covenant is
overly broad and, thus, unenforceable against defendants. "Cov-
enants not to compete will be enforced if reasonably limited as
to time, geographic area and scope, are necessary to protect the
employer's interests, not harmful to the public, and not unduly
burdensome" (*Battenkill Veterinary Equine v Cangelosi*, 1 AD3d
856, 857 [2003] [citations omitted]). Covenants not to compete,
such as at issue here, are legally permissible in order to protect
the employer from unfair competition from its former employ-
ees (*see Scott, Stackrow & Co., C.P.A.'s, P.C. v Skavina*, 9 AD3d
805, 806 [2004], *lv denied* 3 NY2d 612 [2004]). Here, the record
fails to reveal that the services provided by defendants to
plaintiff were in any way unique or extraordinary or that
defendants were privy to plaintiff's confidential customer lists
warranting the total restraint on competition found within the
covenant under consideration (*see BDO Seidman v Hirshberg*,
93 NY2d 382, 389 [1999]; *Battenkill Veterinary Equine v Cange-
losi*, 1 AD3d at 858). Moreover, since plaintiff's covenant not to
compete seeks to bar defendants from soliciting customers with
whom it never had an established relationship and clients
recruited through defendants' independent efforts, the covenant
not to compete is manifestly overbroad (*see Scott, Stackrow &
Co., C.P.A.'s, P.C. v Skavina*, 9 AD3d at 806). Further, we reject
plaintiff's claim that even though the restrictive covenant may
be overly broad in certain respects, it nevertheless should be
partially enforced to protect plaintiff's legitimate interests (*see
BDO Seidman v Hirshberg*, 93 NY2d at 394). Since the cove-
nant not to compete has now expired as to both defendants, we

perceive no legitimate basis upon which to consider partial enforcement.

Cardona, P.J., Rose, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, with costs.