■ JOHN CLOCHESSY et al., Respondents, v ERNEST J. GAGNON, Appellant, et al., Defendant. [870 NYS2d 639]—

Stein, J. Appeal from an order of the Supreme Court (Aulisi, J.), entered October 26, 2007 in Fulton County, which, in a proceeding pursuant to RPAPL article 15, granted plaintiffs' motion for summary judgment.

The parties each own property in a subdivision created in 1920 that abuts West Caroga Lake in Fulton County. This litigation involves a dispute over a 20-foot right-of-way between lots 13 and 14. Wendy Mayes obtained title to lots 13, 13A and 14 in 1992. In 1993, she also obtained title to lot 14A.[1] In 1999, Mayes conveyed lots 14 and 14A to plaintiffs and, approximately three years later, she conveyed lots 13 and 13A to defendant Ernest J. Gagnon (hereinafter defendant). Defendant has erected a fence along the property line between the right-of-way and lot 14 and in other ways has prevented use of the right-of-way by others. Defendant contends that no right-of-way exists and that he owns the strip of land in question. Plaintiffs commenced this action to determine the legal status of the right-of-way and later moved for summary judgment. Supreme Court granted the

---

1. 1. Lots 13 and 14 abut the lake; lots 13A and 14A are directly behind and across the road from lots 13 and 14, respectively.

motion, determining that plaintiffs, as owners of lot 14A,[2] have a nonexclusive easement in common with others over a 20-foot right-of-way running between lots 13 and 14, that defendant has no fee interest in said right-of-way and is prohibited from blocking access thereto. Defendant now appeals and we affirm.

Plaintiffs demonstrated that the deeds to Mayes referenced "the right in common with others to use the 20-[foot] wide roadway as now laid out and existing between Lot Nos. 13 and 14 on the [subdivision] map [on file in the Fulton County Clerk's Office]."[3] Although the deeds conveying lots 14 and 14A from Mayes to plaintiffs do not specifically reference the right in common to use the right-of-way, the property description in the deed to lot 14 refers to "a right-of-way running between Lot No. 13 and Lot No. 14 on a map of lots . . . filed in the Fulton County Clerk's Office on August 25, 1920." Moreover, the deed from Mayes to defendant conveys the property to him "subject to all covenants, easements, and restrictions of record affecting the subject premises, if any." Plaintiffs also supplied the affidavit of Joy Sherman, who conducted a title search and demonstrated that the disputed right-of-way is the same one that is on the 1920 map of the approved subdivision and that there was no deed on file in the Fulton County Clerk's office that transferred title to the right-of-way to Mayes exclusively. Thus, plaintiffs met their initial burden on a motion for summary judgment of demonstrating as matter of law that they have a nonexclusive easement in common with others over the right-of-way that exists between lots 13 and 14, thereby shifting the burden to defendant to raise a question of fact (*see* CPLR 3212 [b]; *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 326 [1986]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1068 [1979]).

Defendant failed to raise a material issue of fact. Initially, we reject defendant's assertion that Supreme Court erred in granting plaintiffs summary judgment without permitting him to obtain further discovery. Specifically, defendant sought to obtain the testimony of Mayes to establish that Mayes had acquired the right-of-way by means of abandonment or adverse possession, that she owned and used the right-of-way exclusively and that she had conveyed exclusive title and possession thereof to

---

**2.** 2. Supreme Court's order erroneously referred to plaintiffs as the owners of lot 13A.

**3.** 3. The common easement was created to provide access to the lake by the owners of certain lots, in addition to lots 13A and 14A, which are across the road from and do not abut the lake.

defendant.[4] "[I]f 'facts essential to justify opposition [to a motion for summary judgment] may exist but cannot then be stated'" (*Mazzaferro v Barterama Corp.*, 218 AD2d 643, 644 [1995], quoting CPLR 3212 [f]), a trial court may deny a motion for summary judgment (*see* CPLR 3212 [f]). However, "[t]he 'mere hope' that evidence sufficient to defeat the motion may be uncovered during the discovery process is not enough" (*Mazzaferro v Barterama Corp.*, 218 AD2d at 644, quoting *Jones v Gameray*, 153 AD2d 550, 551 [1989].

Here, Mayes' anticipated testimony would not have controverted plaintiffs' establishment of the common right-of-way. The deeds from Mayes' predecessors to Mayes clearly provide that the right-of-way is to be held "in common with others" and Mayes sold the lots to the parties subject to the subdivision map. "[A]n easement created by reference to a filed map can be extinguished only by the united action of all lot owners for whose benefit the easement was created" (*O'Hara v Wallace*, 83 Misc 2d 383, 387 [1975], *mod* 52 AD2d 622 [1976]). Thus, under the circumstances here, Mayes could not have acquired the easement by abandonment or adverse possession and could not, alone, have conveyed the easement to defendant (*see generally Will v Gates*, 89 NY2d 778, 784-785, [1997]; *O'Hara v Wallace*, 83 Misc 2d at 386-387). Hence, neither evidence of her intent to do so, nor defendant's understanding thereof, would be sufficient to overcome plaintiffs' demonstrated entitlement to judgment as a matter of law, and Supreme Court properly denied defendant's request for further discovery before granting plaintiffs' motion for summary judgment.

Cardona, P.J., Rose and Kavanagh, JJ., concur; Spain, J., not taking part.

Ordered that the order is affirmed, with costs.

---

4. Defendant argues that this position is also supported by certain language in the legal description of the deed from Mayes to defendant purporting to extinguish the right-of-way.