■ ALEXANDRU STOIAN et al., Appellants, v TERRANCE REED et al., Respondents. [888 NYS2d 639]—

Spain, J. Appeal from an order of the Supreme Court (Richards, J.), entered March 21, 2008 in St. Lawrence County, which, among other things, granted defendants' motion for summary judgment dismissing the complaint.

In August 2002, almost three years after purchasing a single-family residence located in the Village of Potsdam, St. Lawrence County from defendants, plaintiffs commenced this breach of contract action seeking monetary damages for claimed undisclosed defects in the home. After depositions were taken and $5^{1}/_{2}$ years after the action was commenced, defendants successfully moved for summary judgment. On plaintiffs' appeal, we now affirm.

Plaintiffs allege that, despite defendants' representations prior to the sale regarding the good condition of the house, after they moved in plaintiffs discovered problems with the heating system, the water supply, the water softening system, the roof, the electrical system, ants, mice and water in the basement. In New York, the "doctrine of caveat emptor imposes no duty upon a vendor to disclose any information concerning the property in an arm's length real estate transaction" (*Bethka v Jensen*, 250 AD2d 887, 887-888 [1998]; *accord Gizzi v Hall*, 300 AD2d 879, 881 [2002]; *but see* Real Property Law art 14 [enacted in 2001]). An exception exists only where the conduct by the seller rises to the level of active concealment (*see Anderson v Meador*, 56 AD3d 1030, 1034-1035 [2008]; *Boyle v McGlynn*, 28 AD3d 994, 995 [2006]). Conclusory allegations regarding alleged concealed conditions, without factual details as to the manner in which such concealment was undertaken, are insufficient to state a cause of action in this regard (*see Mancuso v Rubin*, 52 AD3d 580, 584 [2008]).

Plaintiffs contend that defendants failed to establish that they are entitled to judgment as a matter of law and that material issues of fact exist with regard to defendants' active concealment of latent defects which warrant a trial (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In support of the summary judgment motion, defendant Terrance Reed (hereinafter defendant) testified in his deposition that plaintiff Alexandru Stoian (hereinafter plaintiff) not only personally inspected the home 10 times prior to the purchase, but he hired a professional inspector who inspected the house before the closing. Defendant also testified that he disclosed all the structural and operational defects in the premises of which he was aware when he signed the purchase agreement. Specifi-

cally, he informed plaintiff of prior problems with the roof, water in the basement and leaking windows and explained what steps had been taken to remedy those problems. Apart from the occasional mouse that had been promptly dealt with, defendant stated that he had never observed an infestation problem with mice or ants. Based upon this evidence, we conclude that Supreme Court properly determined that defendants met their initial burden of establishing entitlement to summary judgment (*see Rector v Calamus Group, Inc.*, 17 AD3d 960, 961 [2005]).

The burden thus shifted to plaintiffs to demonstrate that a material question of fact exists as to whether defendants might be found liable to plaintiffs (*see Zuckerman v City of New York*, 49 NY2d at 563). Critically lacking in plaintiffs' proof is any evidence of active concealment. Although plaintiff's deposition testimony stresses that defendants assured him that the property was in "perfect shape" and identifies numerous problems with the structure, no evidence was offered that defendants concealed any of the alleged defects or otherwise interfered with plaintiffs' right to inspect the property. Indeed, plaintiff admitted during his deposition that he had no information that could establish that defendants knew of, much less concealed, many of the alleged deficiencies. Instead, plaintiff argued that defendant knowingly chose repair options for the leaking windows and roof which were insufficient to provide long-term solutions to those problems. He also suggests in his deposition testimony that defendants must have been aware of the infestation problem and other defects because plaintiffs readily discovered them after moving in to the house. These conclusory allegations, however, are insufficient to raise a triable issue of fact with respect to whether defendants took steps to actively conceal latent defects in the property from plaintiffs (*see Rector v Clamus Group, Inc.*, 17 AD3d at 961; *cf. Anderson v Meador*, 56 AD3d at 1034-1035; *Boyle v McGlynn*, 28 AD3d at 995-996).

We also reject plaintiffs' assertion that Supreme Court abused its discretion in failing to grant them additional time with which to conduct discovery. Although the court had the discretion to permit further discovery if it found that "facts essential to justify opposition [to a motion for summary judgment] may exist but cannot then be stated" (CPLR 3212 [f]; *see Clochessy v Gagnon*, 58 AD3d 1008, 1010 [2009]), "the nonmoving party must produce some evidence indicating that further discovery 'will yield material and relevant evidence' " (*Fleischman v Peacock Water Co., Inc.*, 51 AD3d 1203, 1205 [2008], quoting *Zinter Handling, Inc. v Britton*, 46 AD3d 998, 1001 [2007] [citation omitted]). "The 'mere hope' that evidence sufficient to defeat the motion may be uncovered during the discovery process is

not enough" (*Mazzaferro v Barterama Corp.*, 218 AD2d 643, 644 [1995], quoting *Jones v Gameray*, 153 AD2d 550, 551 [1989]; *see Clochessy v Gagnon*, 58 AD3d at 1010).

Here, plaintiffs requested an extension to obtain testimony from three contractors that had worked on the house. However, plaintiffs fail to provide any specifics as to how these individuals could provide evidence material and relevant to defendants' alleged active concealment (*see Zinter Handling, Inc. v Britton*, 46 AD3d at 1001). Further, it is undisputed that plaintiffs provided defendants with a list of contractors who worked on the house prior to the 1999 closing; indeed, plaintiff admitted during his deposition that he spoke with at least two of these individuals regarding repairs to the house (*see Flieschman v Peacock Water. Co., Inc.*, 51 AD3d at 1205; *Zinter Handling, Inc. v Britton*, 46 AD3d at 1001). Under these circumstances, and given the fact that plaintiffs provide no reasonable excuse for delaying their request for additional discovery for over two years following depositions and, indeed, nearly six years after commencing this action, we find no abuse of discretion in Supreme Court's decision to deny plaintiffs' request (*see Dalaba v City of Schenectady*, 61 AD3d 1151, 1153 [2009]).

Cardona, P.J., Mercure, Kavanagh and Garry, JJ., concur. Ordered that the order is affirmed, with costs.