Beverly J. Hicks, Respondent, v Kenneth E. Corlew et al., Defendants. Laura Ann Boyce, Appellant. [912 NYS2d 730]—

Malone Jr., J. Appeal from an order of the Supreme Court (Nolan Jr., J.), entered September 25, 2009 in Saratoga County, which, among other things, partially denied a motion by Laura Ann Boyce to vacate a judgment of said court.

Plaintiff commenced this action seeking the actual partition of a 46-acre parcel of land located in the Town of Northumberland, Saratoga County, in which she held an undivided 50% ownership interest as a tenant in common with her now-deceased sister. After her sister's death, and the subsequent death of her sister's husband, plaintiff allegedly held an undivided 50% interest and the surviving issue of her sister, together with the surviving issue of her sister's husband, collectively held the other 50% interest. All of the surviving issue known to plaintiff were named as defendants in the partition action, except the six issue of the husband's predeceased son, including Laura Ann Boyce, who were apparently not known by plaintiff to exist at the time she commenced the action. Ultimately, plaintiff obtained a judgment, entered September 8, 2006, granting actual partition of the parcel, as well as a monetary award against all of the surviving issue, including Boyce and her five siblings, as contribution toward the expenses associated with maintaining the parcel.

In 2009, Boyce moved pursuant to CPLR 5015 (a) (4) to vacate the judgment, alleging that Supreme Court lacked jurisdiction because she had never been made a party to the action, and seeking repayment from plaintiff, with interest, as well as counsel fees and/or sanctions. Supreme Court granted that part of the motion seeking to vacate the monetary portion of the judgment and directed plaintiff to return the amount Boyce paid to her, but denied that part of the motion seeking to set aside the actual partition and her request for counsel fees and/or sanctions. Boyce now appeals.

In an action for partition of real property, the necessary defendants include "[e]very person having an undivided share" and "[e]very person entitled to the reversion, remainder or in-

heritance of an undivided share, after the determination of a particular estate therein" (RPAPL 903 [1], [2]; see 10-103 Warren's Weed, New York Real Property § 103.53 [2010]). Here, Boyce and her siblings are alleged to have an ownership interest in the property that plaintiff sought to have partitioned and, therefore, are necessary parties to this action. We do not agree with Supreme Court's determination that the notice provided to Boyce and her siblings was sufficient to obtain in rem jurisdiction over her interest; actions for partition produce a judgment binding on all those having an interest in the property and, as such, "the court obtains jurisdiction . . . by service upon the persons jointly interested" in the land (Greenleaf v Brooklyn, Flatbush & Coney Is. Ry. Co., 141 NY 395, 398 [1894]). Plaintiff made no attempt to properly serve Boyce or her siblings (see e.g. CPLR 308; 312-a) and, without service on those necessary parties, a judgment in the action is "an absolute nullity" (Greenleaf v Brooklyn, Flatbush & Coney Is. Ry. Co., 141 NY at 398; see Dowd v Dowd, 237 App Div 902, 903 [1933]; Valentine v Point O'Woods Assn., 171 App Div 926, 926 [1915]; see also Hartloff v Hartloff, 296 AD2d 849, 850 [2002]). Although plaintiff contends that Boyce has not conclusively established that she has an actual interest in the property, that issue can be established by joining Boyce in the action "and trying out the question of [Boyce's interest] by due process of law" (Toole v Toole, 112 NY 333, 336 [1889]).

Next, we note that although Supreme Court purportedly vacated the entire money judgment against Boyce and her siblings, it nonetheless directed plaintiff to return the amount that Boyce paid, less $23.20, which amount the court found adequately covered Boyce's contribution toward maintenance expenses. However, considering that personal jurisdiction was not obtained over Boyce, the court was powerless to grant any relief against her (see Oakley v Albany Med. Ctr., 39 AD3d 1016, 1017 [2007]).

Finally, the decision to award counsel fees or sanctions based upon allegedly frivolous conduct by plaintiff is within the discretion of the trial court and there is nothing in this record to support a finding that Supreme Court abused its discretion in denying Boyce's request (see 22 NYCRR 130-1.1 [a], [b], [c]).

To the extent not specifically addressed, the parties' remaining contentions have been considered and found to be unpersuasive.

Mercure, J.P., Kavanagh, Garry and Egan Jr., JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied that part of Laura Ann

Boyce's motion to vacate the judgment entered September 8, 2006; said motion granted to that extent and the judgment entered September 8, 2006 vacated; and, as so modified, affirmed.