■ MICHAEL DEVINE, Appellant-Respondent, v CYNTHIA A. MEILI, Respondent-Appellant. [932 NYS2d 581]—

Kavanagh, J.

In July 2005, plaintiff purchased a piece of commercial property from defendant that was located in the Village of Kinderhook, Columbia County. When plaintiff applied for a permit to renovate the building that was located on this property, he was informed by the Village Building Department that the premises had been previously inspected by Village officials and found to be unsafe. Plaintiff retained an architect who, upon inspection of the premises, determined that the support beams and posts in the building were rotted, its foundation was cracked, extensive water damage was present throughout, and other conditions existed that compromised its structural integrity. As a result, plaintiff commenced this action against defendant alleging fraud, fraud in the inducement and breach of contract. Supreme Court granted defendant's motion for summary judgment dismissing the complaint on the ground that the doctrine of caveat emptor applied to this transaction, but denied his request for counsel fees. Plaintiff appeals and defendant cross-appeals.

The doctrine of caveat emptor will, as a general rule, govern an arm's length transaction (*see Pettis v Haag*, 84 AD3d 1553, 1554 [2011]; *Klafehn v Morrison*, 75 AD3d 808, 810 [2010]; *Meyers v Rosen*, 69 AD3d 1095, 1096 [2010]; *Stoian v Reed*, 66 AD3d 1278, 1279 [2009]; *Boyle v McGlynn*, 28 AD3d 994, 995 [2006]), unless it can be shown that the seller actively concealed material and critical information from the buyer at the time the parties entered into their contract (*see Stoian v Reed*, 66 AD3d

at 1279; *Anderson v Meador*, 56 AD3d 1030, 1034 [2008]; *Boyle v McGlynn*, 28 AD3d at 995; *Gizzi v Hall*, 300 AD2d 879, 881 [2002]). Plaintiff argues that defendant's motion for summary judgment should have been denied because a question of fact exists as to whether defendant, at the time of the sale, engaged in a deliberate attempt to conceal defects in the building and failed to disclose the existence of those defects when the parties entered into their contract. Specifically, plaintiff claims that prior to the sale, defendant installed new drywall in the building and painted over other areas in the premises to conceal the defects that were later uncovered by the architect when he performed his inspection. Plaintiff also offered evidence that defendant had to have known of these defects prior to the sale because she had previously obtained estimates as to the cost of repairing them, but never had the work performed.*

While there appears to be no doubt that certain structural defects existed in the building at the time of the sale, plaintiff has submitted no competent evidence establishing that defendant attempted to conceal them when the parties entered into their contract. Plaintiff's affidavit only contains conclusory allegations to that effect and cannot serve to establish a question of fact, which would require that defendant's motion for summary judgment be granted (*see Stoian v Reed*, 66 AD3d at 1279; *Mancuso v Rubin*, 52 AD3d 580, 584 [2008]). We also note that the parties' contract provided that the property was sold "as is" and gave plaintiff the right—which he exercised—to perform an inspection of the premises prior to purchasing it. Also, a property disclosure statement was not provided by defendant and, since this was a commercial property, such a statement was not required when the parties finalized this transaction (*see* Real Property Law § 462). In addition, immediately prior to the closing, the title company provided plaintiff's counsel with a copy of a letter sent by the Village Building Department to defendant noting the existence of "structural rot" in the building rendering it unsafe. Despite having knowledge of this letter, plaintiff decided to proceed with the transaction. On these facts, the doctrine of caveat emptor clearly applies to this transaction and defendant's motion for summary judgment dismissing the complaint was properly granted.

As for defendant's claim for counsel fees, given the condition of the premises at the time of the sale, plaintiff's claims, as embodied in his complaint, were not frivolous. As such, Supreme

---

* In March 2001, defendant settled a legal action that she had commenced against the contiguous property owner for damage caused to the building during a renovation project.

Court did not abuse its discretion in denying defendant's request (*see* 22 NYCRR 130-1.1; *Engel v CBS, Inc.*, 93 NY2d 195, 203 [1999]; *Hicks v Corlew*, 79 AD3d 1232, 1233 [2010]; *Dickson v Slezak*, 73 AD3d 1249, 1251 [2010]). Moreover, we note that no relevant provision exists in the parties' contract.

Mercure, J.P., Spain, Malone Jr. and McCarthy, JJ., concur. Ordered that the order is affirmed, without costs.

