Porco v Lifetime Entertainment Servs., LLC (2021 NY Slip Op 04067)





Porco v Lifetime Entertainment Servs., LLC


2021 NY Slip Op 04067


Decided on June 24, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:June 24, 2021

529946
[*1]Christopher Porco et al., Appellants,
v
Lifetime Entertainment Services, LLC, Respondent.

Calendar Date:March 17, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Hancock Estabrook, LLP, Syracuse (Alan J. Pierce of counsel), for appellants.
Ballard Spahr, LLP, New York City (David A. Schulz of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeals (1) from an order of the Supreme Court (Powers, J.), entered November 1, 2018 in Clinton County, which partially granted plaintiffs' motion to, among other things, compel discovery, and (2) from an order of said court, entered July 22, 2019 in Clinton County, which denied plaintiffs' motion to compel discovery.
As set forth in our prior decisions in this matter (176 AD3d 1274 [2019]; 147 AD3d 1253 [2017]; 116 AD3d 1264 [2014]), plaintiff Christopher Porco was convicted of fatally attacking his father and attempting to murder his mother, plaintiff Joan Porco (People v Porco, 71 AD3d 791, 792 [2010], affd 17 NY3d 877 [2011], cert denied 566 US 924 [2012]). This action alleges that defendant violated plaintiffs' statutory right to privacy, embodied in Civil Rights Law §§ 50 and 51, by publicizing and broadcasting a docudrama about the events surrounding the crime, the crime itself and the subsequent investigation and trial.
Discovery in the action was stayed when, in July 2018, defendant moved for summary judgment dismissing the second amended complaint (see CPLR 3214 [b]). In September 2018, plaintiffs moved for an order lifting the discovery stay, compelling defendant to respond to a February 2018 notice to produce and June 2018 interrogatories and allowing additional discovery to uncover evidence needed to oppose defendant's summary judgment motion (see CPLR 3212 [f]). Supreme Court partially granted that motion by an order, entered in November 2018, in which it lifted the stay to the limited extent of directing defendant to respond to the notice to produce and interrogatories. It further urged the parties to negotiate a schedule to complete that discovery, as well as to brief and argue the pending summary judgment motion.
Plaintiffs thereafter received responses from defendant that they found inadequate and were rebuffed in their March 2019 request for additional information and documentation. The result was a motion to compel defendant to comply with the March 2019 request. In an order entered in July 2019, Supreme Court denied the motion and set a deadline for plaintiffs to respond to defendant's pending summary judgment motion. Plaintiffs represent that defendant then served both the November 2018 and July 2019 orders upon them with notice of entry (see CPLR 5513), and they appealed from both.
We affirm. With regard to that part of plaintiffs' motions seeking to hold defendant's summary judgment motion in abeyance pending further discovery (see CPLR 3212 [f]), the onus was on plaintiffs "to provide some evidentiary basis for [their] claim that further discovery would yield material evidence and also 'demonstrate how further discovery might reveal material facts in the movant's exclusive knowledge'" (Rochester Linoleum & Carpet Ctr., Inc. v Cassin, 61 AD3d 1201, 1202 [2009], quoting Scofield v Trustees of Union Coll. in Town of Schenectady, 267 AD2d 651, 652 [1999]; accord Arthur Brundage Inc. v Morris, 189 AD3d 2032, 2032[*2][2020]). Defendant based its motion for summary judgment upon the premise that the film was a materially accurate dramatization of newsworthy events involving plaintiffs and not, as plaintiffs suggested, an "invented biograph[y] . . . so infected with fiction, dramatization or embellishment that it cannot be said to fulfill the purpose of the newsworthiness exception" to the statutory right of privacy (Messenger v Gruner + Jahr Print. & Publ., 94 NY2d 436, 446 [2000]; see Spahn v Julian Messner, Inc., 21 NY2d 124, 128-129 [1967]). Plaintiffs argued that, to oppose that motion, they were entitled to obtain evidence from, and depose witnesses connected to, defendant regarding inaccuracies in the film and defendant's financial motivations in broadcasting it. Evidence of the inaccuracies in the film was not in defendant's exclusive possession, however, and plaintiffs themselves would seemingly be in the best position to identify those inaccuracies given their firsthand knowledge of events. Moreover, the financial motivations of defendant were irrelevant to discerning the newsworthiness of the film, an assessment that is based upon the content of the film itself, and discovery regarding them would therefore not lead to the production of material evidence (see Messenger v Gruner + Jahr Print. & Publ., 94 NY2d at 442; Freihofer v Hearst Corp., 65 NY2d 135, 141 [1985]). Thus, Supreme Court properly declined to direct further discovery before addressing defendant's summary judgment motion (see Gersten-Hillman Agency, Inc. v Heyman, 68 AD3d 1284, 1287-1288 [2009]; Clochessy v Gagnon, 58 AD3d 1008, 1009-1010 [2009]).
Plaintiffs' remaining arguments are academic in view of the decision of this Court granting defendant's motion for summary judgment and dismissing the second amended complaint (Porco v Lifetime Entertainment Servs., LLC, ___ AD3d ___ [appeal No. 531681, decided herewith]; see Lusins v Cohen, 49 AD3d 1015, 1018 [2008]).
Egan Jr., J.P., Lynch, Clark and Pritzker, JJ., concur.
ORDERED that the orders are affirmed, with costs.